UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SINAA KHAMIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL DRISCOLL, Secretary,<br>Department of the Army<br><br>　　　　　Defendant. | Case No. 24-cv-02565-VKD<br><br>**ORDER GRANTING DEFNDANT'S PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 39 |

Plaintiff Sinaa Khamis brings this action against defendant Daniel Driscoll[1] in his official capacity as Secretary of the Army for violations of Title VII of the Civil Rights Act of 1964.[2] Dkt. No. 1. Pursuant to the parties' stipulation, Ms. Khamis filed a first and then a second amended complaint, alleging five claims under Title VII: sexual harassment in violation of Title VII (claim 1); discrimination based on gender/sex in violation of Title VII (claim 2); discrimination based on religion in violation of Title VII (claim 3); discrimination based on national origin in violation of Title VII (claim 4); and retaliation in violation of Title VII (claim 5). Dkt. No. 18. On October 18, 2024, the Secretary moved to dismiss, without prejudice, the second amended complaint (SAC) under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and for a more definite statement of the pleading under Rule 12(e). Dkt. No. 25. On January 27,

---

[1] Daniel Driscoll is substituted for Christine Wormuth as Secretary of the United States Department of the Army pursuant to Federal Rule of Civil Procedure 25(d). As discussed during the hearing on this motion, it appears that the Secretary is the only proper defendant in this matter. Dkt. No. 55.

[2] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 27.

1  2025, the Court granted in part and denied in part the Secretary's motion to dismiss, granted the
2  motion for a more definite statement, and allowed Ms. Khamis to amend her pleading. Dkt. No.
3  37.

4  On February 18, 2025, Ms. Khamis filed her third amended complaint (TAC), which is the
5  operative complaint. Dkt. No. 38. In the TAC, Ms. Khamis asserts only three claims: sexual
6  harassment in violation of Title VII (claim 1); discrimination based on gender in violation of Title
7  VII (claim 2); and retaliation in violation of Title VII (claim 3). *Id*. The Secretary now moves to
8  dismiss only claim 2. Dkt. No. 39. Ms. Khamis opposes this motion but seeks leave to amend
9  once more. Dkt. No. 45. The Court held a hearing on May 13, 2025.

10 Upon consideration of the moving and responding papers and arguments at the hearing, the
11 Court grants the Secretary's partial motion to dismiss with leave to amend.

## I. BACKGROUND

The Court's prior order contains a lengthy summary of Ms. Khamis's factual allegations, most of which are also included in the TAC. *See* Dkt. No. 37 at 2-5. The Court will not repeat that summary here.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations

1   must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

2   (citations omitted). However, only plausible claims for relief will survive a motion to dismiss.

3   *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable

4   inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to

5   provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-

6   unlawfully-harmed-me accusation." *Id.* at 678.

**III.   DISCUSSION**

The Secretary challenges claim 2 of the TAC on two grounds. First, the Secretary argues that Ms. Khamis fails to state a claim for gender or sex discrimination, either on a standalone basis or in combination with other protected factors (such as religion or national origin), because the TAC does not plausibly allege any facts from which such discrimination may be inferred. Dkt. No. 39 at 5-7. Second, the Secretary argues that Ms. Khamis fails to state a claim for gender or sex discrimination based on an adverse employment action because the TAC does not plausibly allege any such adverse employment action. *Id.* Ms. Khamis responds that claim 2 and the TAC as whole adequately pleads that she faced a hostile work environment, experienced sexual harassment, and suffered adverse employment actions, namely that she "was constantly humiliated, demoted, transferred, made to suffer sexual advances, investigated, and ultimately terminated." Dkt. No. 45 at 10-12.

As an initial matter, the Court notes that claim 2 as pled in the TAC is nearly identical to claim 2 as pled in the SAC. Dkt. No. 18 at 14-16; Dkt. No. 38 at 16-18. While the Secretary challenged claim 2 on several grounds in his first motion to dismiss the SAC, he did not challenge claim 2 on the ground that Ms. Khamis failed to allege an adverse employment action—the objection he now raises to claim 2 in his second motion to dismiss. Dkt. No. 25 at 2. Generally, a party may not bring a new challenge to a claim in a second motion to dismiss if the challenge could have been raised in a previous motion to dismiss. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). However, the Ninth Circuit has recognized that district courts have discretion in limited circumstances "to

consider a successive Rule 12(b)(6) motion if the motion does not prejudice the plaintiff and expedites resolution of this case." *Harrell v. City of Gilroy*, No. 17-cv-05204-LHK, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019); *see also Banko v. Apple, Inc.*, No. 13-02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013) ("Although Rule 12(g) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion . . . courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy.") (cleaned up).  The Court will exercise that discretion here.

As discussed at the hearing on the Secretary's motion to dismiss claim 2 of the TAC, Ms. Khamis's theory of liability for claim 2 and the allegations that support that theory are unclear. Although the Court granted the Secretary's prior motion for a more definite statement and gave Ms. Khamis an opportunity to amend her claims, she made no substantive changes to claim 2. Specifically, it remains unclear whether Ms. Khamis is attempting to plead in claim 2 a standalone claim of gender discrimination or a claim of discrimination based on a *combination* of sex, religion, and national origin.  *Compare* Dkt. No. 38 at 16 (caption of claim 2 states "[d]iscrimination based on [g]ender") *with id.* ¶ 113 ("[d]uring Plaintiff's employment, Plaintiff was subject to discrimination based on her religion and national origin . . . .").  It is also unclear what factual allegations support claim 2 and whether those allegations differ from the allegations supporting Ms. Khamis's other claims.  Ms. Khamis's opposition to the Secretary's motion discusses both discrimination based on a hostile work environment as well as discrimination based on an adverse employment action or actions, and relies on assertions that are not among the allegations pled in support of claim 2.  Dkt. No. 45 at 10-12.

Nevertheless, it appears that claim 2 may be amended to address these ambiguities.  As discussed at the hearing, if Ms. Khamis wishes to proceed with claim 2, she must clarify the theory of liability on which she relies and the factual allegations that support that theory.

### IV. CONCLUSION

For the reasons explained above, the Court grants the Secretary's partial motion to dismiss with leave to amend.  If she wishes to proceed with claim 2, Ms. Khamis shall file an amended complaint that amends claim 2 no later than **May 27, 2025.**  The Secretary must file a response to

1   the amended complaint no later than **June 17, 2025.**

2   **IT IS SO ORDERED.**

3   Dated: May 13, 2025

Virginia K. DeMarchi
United States Magistrate Judge